**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| JOHNNY DEVONE,<br><br>Plaintiff,<br>v.<br><br>BRITTANY FINLEY,<br><br>Defendant. | 3:13-CV-00377 (CSH) |

**ORDER**

## I. INTRODUCTION

Plaintiff Johnny Devone (hereafter "Plaintiff") has brought this lawsuit against Defendant Brittany Finley (hereafter "Defendant") claiming defamation, false representation, and intentional infliction of emotional distress. Plaintiff seeks compensatory and punitive damages, as well as other damages and relief as this Court might deem equitable.

Plaintiff states in his Complaint that "[j]uristiction of this Court is invoked pursuant to the [C]ourt's diversity jurisdiction" under 28 U.S.C. § 1332, "inasmuch as the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." [Doc. 1] at 1.

## II. SUBJECT MATTER JURISDICTION

A federal court has limited jurisdiction pursuant to Article III of the Constitution. In order for this Court to exercise subject matter jurisdiction, either (1) a plaintiff must set forth a colorable claim arising under the Constitution or federal statute, creating "federal question" jurisdiction, 28

U.S.C. § 1331;[1] or (2) there must be *complete diversity of citizenship* between a plaintiff and all defendants *and the amount in controversy must exceed $75,000.* 28 U.S.C. § 1332 (a) and (a)(1); *see also, e.g., Dymon v. Laffaye*, No. 3:12-CV-00320, 2012 WL 774996 at *1 (D. Conn. March 7, 2012).

If subject matter jurisdiction is lacking, dismissal of an action from federal court is mandatory. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Manway Constr. Co. v. Housing Authority of Hartford,* 711 F.2d 501, 503 (2d Cir. 1983). Accordingly, a federal court has the duty of reviewing a plaintiff's complaint at the earliest opportunity to determine whether there is in fact subject matter jurisdiction. *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp*., 109 F.3d 105, 107-08 (2d Cir. 1997); *Univ. of South Alabama v. American Tobacco* Co., 168 F.3d 405, 410 (11th Cir. 1999).

**A. Diversity**

As discussed *supra*, Plaintiff alleges in his Complaint that this Court has subject matter jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332, *see* [Doc. 1] at 1, under which, as previously noted, district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. 28 U.S.C. § 1332(a) and (a)(1). Specifically, Plaintiff avers that "Plaintiff in this matter is ... a resident of the City of Bridgeport, and citizen of the State of Connecticut," [Doc. 1] at 1, and that Defendant is "a citizen of the State of Georgia." *Id.* These

[1] As Plaintiff's Complaint sets forth no facts or circumstances that potentially give rise to a federal claim under the Constitution or federal statute, there is no basis for "federal question" jurisdiction pursuant to 28 U.S.C. § 1331.

statements, however, do not by themselves establish diversity between the parties. Accordingly, the citizenship of both parties to this action must be confirmed in order for the Court to make an initial determination of its subject matter jurisdiction.

An individual's citizenship for diversity purposes is determined by his or her *domicile*, which is defined as "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (quoting *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998)); 13B C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3612, at 526 (2d ed. 1984). In assessing diversity, a court must thus be apprised of the locations where the plaintiff and defendant were *domiciled at the time an action was filed*, and not merely of the locations where each party was a *resident*.[2] Similarly, conclusory statements with respect to any party's citizenship will not suffice.

The Court notes that Plaintiff has provided a place of residence, though not a domicile, for himself at the time at which his Complaint was filed. Plaintiff has not provided even that for Defendant, however, and has merely made a conclusory statement regarding her State of citizenship. [Doc. 1] at 1. Accordingly, Plaintiff has not sufficiently demonstrated either party's domicle and, therefore, Plaintiff has not adequately demonstrated either party's citizenship.

---

[2] *See, e.g., Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 63 (2d Cir. 2009) (to determine diversity jurisdiction "it must be determined whether *at the time the present action was commenced* there was diversity jurisdiction") (emphasis added). For diversity purposes, an individual's citizenship is determined by his or her domicile. *Id.* ("Accordingly, it must be determined whether at the time the present action was commenced there was diversity jurisdiction, that is, whether [defendant] was a citizen of— *i.e.*, domiciled in, *see, e.g., Gilbert v. David*, 235 U.S. 561, 569, 35 S.Ct. 164, 59 L.Ed. 360 (1915); *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir.1998)—a state other than the state in which [plaintiff corporation] was incorporated and the state in which it had its principal place of business, see 28 U.S.C. § 1332(c)(1), and whether the amount in controversy "exceeds ... $75,000, exclusive of interest and costs," *id.* § 1332(a).).

Plaintiff has attempted to demonstrate his own citizenship by stating that he is "a resident of the City of Bridgeport." *Id.* However, it is unclear whether the City of Bridgeport, or the State of Connecticut, is his *domicile*. The distinction between a party's residence and domicile is straightforward. "In general, the domicile of an individual is his true, fixed and permanent home and place of habitation," which is to say, "the place to which, whenever he is absent, he has the intention of returning." *Martinez v. Bynum*, 461 U.S. 321, 331 (1983); *see also, e.g., Palazzo v. Corio*, 232 F.3d at 42. In contrast, "residency" occurs "when a person takes up his abode in a given place, without any present intention to remove therefrom." *Martinez v. Bynum*, 461 U.S. at 331. A "residency," therefore, may be taken up for personal or business reasons and may be either permanent *or* solely for a period of time. *Id.* The test for an individual's residency is thus significantly less stringent than the "more rigorous domicile test." *Id.*[3] Thus "a statement of residence, unlike domicile, tells the court only where the parties are *living* and not of which state they are *citizens*." *John Birch Soc. v. Nat'l Broadcasting Co.*, 377 F.2d 194, 199 (2d Cir. 1967) (emphasis added). In short, it is "well-established that allegations of residency alone cannot establish citizenship." *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 102-03 (2d Cir. 1997) (citing *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996)).

**B. The Amount of the Matter in Controversy**

As stated *supra,* under 28 U.S.C. § 1332 (a) in order for a federal court to have subject matter

---

[3] Given that "one can *reside* in one place but be *domiciled* in another," for jurisdictional purposes, the term "'[d]omicile' is not necessarily synonymous with [the term] 'residence.'" *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) (citations omitted). For the reasons explicated *supra*, a court may not and cannot simply infer a party's citizenship, or domicile, from assertions concerning a party's residence. *See, e.g., Realty Holding Co. v. Donaldson,* 268 U.S. 398, 399 (1925).

jurisdiction, the sum or value of the matter in controversy must exceed $75,000 exclusive of interests and costs. Plaintiff asserts that this is the case in his Complaint – *see* [Doc. 1] at 1, 5, and 6 – in what Defendant terms a "conclusory and implausible" fashion. [Doc. 13-1] at 9.

As Defendant addresses in her Motion to Dismiss and her accompanying Memorandum of Law, *see* [Doc. 13-1] at 11, "[a] party invoking the jurisdiction of [a] federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statotory jurisdictional amount." *Gibson v. Scrap*, _ F.Supp.2d _, No. 3:12-CV-00583, 2013 WL 1092905 at *4 (D. Conn. March 14, 2013) (quoting *Tongkook America, Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994)). "This is so because when a party chooses to proceed in federal court," that party either "knows or should know whether [the] controversy is determined at the time the action is commenced." *Tongkook America, Inc. v. Shipton Sportswear Co.*, 14 F.3d at 784 (internal quotation marks and citations omitted). The Second Circuit has repeatedly noted that such a "burden is hardly onerous ... for we recognize a '*rebuttable presumption that the face of the complaint is a good faith representation* of the actual amount in controversy.'" *Scherer v. Equitable Life Assur. Soc.,* 347 F.3d 394, 397 (2d Cir. 2003) (quoting *Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 63 (2d Cir. 1999) (emphasis added)).

It is the burden of the party opposing a court's jurisdiction – here, Defendant – to demonstrate that the "legal impossibility of recovery ... [is] so certain as virtually to negat[e] the plaintiff's good faith in asserting the claim." *Gibson v. Scrap,* 2013 WL 1092905 at *4 (citations omitted). Thus, in order to "overcome the face-of-the-complaint presumption, the party opposing jurisdiction must show 'to a legal certainty' that the amount recoverable does not meet the jurisdictional amount." *Id.* (citation omitted). Defendant has begun to attempt to do exactly that in her Motion to Dismiss,

which was filed on June 17, 2013, and which addresses this issue, among others. Plaintiff has not yet responded to Defendant's Motion to Dismiss and the deadline by which he must do so has not yet expired.

In consequence, given that the burden of proof is Defendant's, this particular aspect of the Court's determination of its subject matter jurisdiction under 28 U.S.C. § 1332(a) is not yet ripe for adjudication, and will not be addressed in this Order but rather if and when the Court rules upon Defendant's Motion to Dismiss – a prerequisite to which is Plaintiff's making a sufficient showing that there is indeed diversity of citizenship between the parties to this action.

## III. CONCLUSION

In order to determine whether diversity of citizenship exists in the case at bar, the Court hereby ORDERS Plaintiff to supplement the record on or before **Wednesday, July 10, 2013** by providing an affidavit regarding his *domicile* at the time his Complaint in this action [Doc. 1] was filed – i.e., March 19, 2013 – as well as stating whether he maintained any other residence in any other state at the time at which the Complaint was filed, along with (1) the location of all such residences kept; and (2) the approximate length of time spent at each such residence. The Court further ORDERS Plaintiff to state in detail the source and grounds for his information and belief that at the time at which his Complaint was filed, Defendant was *domiciled* in Georgia.

All case deadlines shall be stayed pending the Court's review of Plaintiff's affidavit. If, upon review, the Court determines that diversity of citizenship exists, the action may proceed and, at that time, the Court will address the issues concerning this case's discovery and other deadlines as addressed in the Parties' Report of Rule 26(f) Planning Meeting [Doc. 14], filed June 25, 2013.

Otherwise, in the absence of such jurisdiction, the Court shall dismiss the action without prejudice. Alternatively, at any time prior to Wednesday, July 10, 2013, Plaintiff may file a notice of voluntary dismissal under Fed. R. Civ. P. 41(a)(1). Such dismissal would also be without prejudice.

The foregoing is SO ORDERED.

Dated: New Haven, Connecticut
June 26, 2013

*/s/Charles S. Haight, Jr.*
Charles S. Haight, Jr.
Senior United States District Judge