UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHNNY DEVONE,<br><br>        Plaintiff,<br>v.<br><br>BRITTANY FINLEY,<br><br>        Defendant. | 3:13-CV-00377 (CSH) |

### RULING ON PLAINTIFF'S MOTION FOR EXTENSION OF TIME IN WHICH TO FILE NOTICE OF APPEAL

**HAIGHT**, Senior District Judge:

On April 21, 2014, Plaintiff Johnny Devone filed a motion [Doc. 29] for extension of time in which to file a notice of appeal in this case. Judgment was entered in the action on April 1, 2014, *see* [Doc. 28], following the Court's March 20, 2014 Ruling on Defendant's Motion to Dismiss. [Doc. 27].

Pursuant to Federal Rule of Appellate Procedure 4(a)(1)(A), in a civil case such as the one at bar, a "notice of appeal ... must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." However, a "district court may extend the time to file a notice of appeal if" a party moves for such extension "before or during the 30 days after the time prescribed by ... Rule 4(a) expires," should "that party show[] excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A) and (A)(ii). In other words, while in general a notice of appeal must be filed with the Clerk of the Court within 30 days after entry of a judgment – here, within 30 days of April 1, 2014, i.e., on or before Thursday, May 1, 2014 – should a party file a motion for extension of time within which to file such notice of appeal at any point within 60 days after the

entry of judgment, such extension may be granted in limited circumstances.

Plaintiff, who puzzlingly terms his Motion "nunc pro tunc" even though it is filed well within the period of time in which a notice of appeal should be filed as set forth in the Federal Rules of Appellate Procedure, contends that such limited circumstances exist because his counsel "was involved in a jury trial from March 17 through April 1, then involved in the drafting of multiple responses to dispositive motions ... and a petition for certiorari ... since April 1." [Doc. 29] at 1.  Thus, in Plaintiff's words, such "additional time is sought to review the [Court's] decision and [to] determine if an appeal is warranted." *Id.*  This is the only reason Plaintiff provides for his request for additional time in which to "consider whether to take an appeal of the decision to dismiss his complaint." *Id.*

The requirement set forth by the Federal Rules of Appellate Procedure that a "notice of appeal [in a civil case] must be filed with the district clerk within 30 days after entry of the judgment or order appealed from" is both "mandatory and jurisdictional." *Endicott Johnson Corp. v. Liberty Mut. Ins. Co.*, 116 F.3d 53, 55 (2d Cir. 1997) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 61 (1982) (per curiam)); *see also, e.g.,* Fed. R. App. P. 4(a)(1)(A).  Consequently "[t]he power of the federal courts to extend this time limitation is severely circumscribed." *Endicott Johnson Corp. v. Liberty Mut. Ins. Co.*, 116 F.3d at 56.  As noted *supra*, the Federal Rules of Appellate Procedure do provide the district courts a small amount of discretion in granting a "grace period" of sorts under particular circumstances, *Melton v. Frank,* 891 F.2d 1054, 1056 (2d Cir. 1989); a district court may extend the time to file a notice of appeal if "a party so moves no later than 30 days after the time prescribed ... expires" *and* "*the party shows excusable neglect or good cause*." Fed. R. App. P. 4(a)(5)(A)(i) and (ii) (emphasis

added).[1]

Plaintiff's Motion for Extension of Time in which to file his notice of appeal [Doc. 29] was filed on April 21, 2014, well within 30 days of the entry of judgment in this matter, and thus well within the bare minimum standard that may be met in order to potentially receive an extension of appeal deadline under Federal Rule of Appellate Procedure 4(a)(5).  Thus the question to which this Court must consequently now turn is whether Plaintiff's circumstances constitute either "excusable neglect" or "good cause," and whether this Court may accordingly grant Plaintiff an extension in which to file a notice of appeal under Federal Rule of Appellate Procedure 4(a)(5).

Nearly two decades ago in its ruling in *Merex A.G. v. Loral Fairchild Corp.*, 104 F.3d 353, 1996 WL 633395 (2d Cir. Nov. 1, 1996), the Second Circuit addressed whether a plaintiff's failure to file a timely notice of appeal was excusable or could be otherwise deemed to merit a finding of good cause when plaintiff's counsel had filed a notice of appeal two days after the 30 day period had elapsed and when plaintiff's "counsel could offer no reason for his delay other than that he had a busy schedule researching the grounds for appeal and handling other clients' matters. " *Id.* at *1.  The district court in *Merex A.G. v. Loral Fairchild Corp.* had denied the plaintiff's motion on the grounds that his averring that his attorney had been busy "failed to show excusable neglect or good cause." *Id.*  The Second Circuit affirmed the lower court's decision, in part precisely  because plaintiff's counsel "could offer no reason for his delay other than that he had a busy schedule researching the grounds for appeal and handling other clients' matters." *Id.*

---

[1]  If, however, a party's "motion to extend is not filed within [Fed R. App. P.] subdivision (a)(5)'s grace period, the district court is without power to grant an extension." *Melton v. Frank,* 891 F.2d at 1056; *Endicott Johnson Corp. v. Liberty Mut. Ins. Co.*, 116 F.3d at 56 (quoting same); *see also, e.g., Martinez v. Hoke*, 38 F.3d 655, 656 (2d Cir. 1994) (per curiam).

at 2.

Similarly, in *Milligan v. Tupperware Worldwide, Inc.*, 159 F.3d 1347, 1998 WL 538116 (2d Cir. March 13, 1998), the Second Circuit upheld a district court's denial of a party's motion to enlarge the time in which to file a notice of appeal when the lower court had "concluded that the mere assertion of [an attorney's] busy schedule ... counseled in favor of denying the motion." *Id.* at *1.  The Second Circuit approvingly stated that a "justification offered by ... counsel" which among other things essentially "amounts to no more than ... a busy schedule handling other [clients'] matters" did not and could not meet the required standard for excusable neglect or good cause under Federal Rule of Appellate Procedure 4(a).  *Id.* at *1-2.

In the case at bar the prescribed period of time under Federal Rule of Appellate Procedure 4(a) in which Plaintiff could file a notice of appeal *without* an extension of time has not yet run, and will not run for over another week.  Accordingly it would seem that the Court need not necessarily consider the four factors set forth by the United States Supreme Court in determining whether a party seeking an extension of time in which to file a notice of appeal has established excusable neglect as justification for a missed deadline.  Nonetheless, the Court notes that pursuant to the clear precedent of the above-cited caselaw the reason which Plaintiff provides in his Motion for Extension – i.e., that Plaintiff's counsel has been busy over the past month or thereabouts with work both for Plaintiff and for other clients – constitutes an insufficient reason for the delay under these four factors, which are: (1) the risk of prejudice to the nonmoving party; (2) the length of delay and its potential prejudice upon the judicial proceeding; (3) the reason for the delay; and (4) whether the movant acted in good faith.  *See, e.g., In re American Express Financial Advisors Securities Litigation,* 672 F.3d 113, 129 (2d Cir. 2011) (citing *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership*, 507 U.S. 380

(1993)); *In re Enron Corp.*, 419 F.3d 115, 122 (2d Cir. 2005) (citing same); *In re Johns-Manville Corp.*, 476 F.3d 118, 124 n.6 (2d Cir. 2007) (citing same); *Milligan v. Tupperware Worldwide, Inc.*, 159 F.3d 1347, 1998 WL 538116 at *2 (citing same); *Merex A.G. v. Loral Fairchild Corp.*, 104 F.3d 353, 1996 WL 633395 ay *1 (citing same).

The Court does not doubt the sincerity with which Plaintiff and Plaintiff's counsel have filed the Motion for Extension under consideration.  However, the Court does not in this case find a reason to deviate from this Circuit's prior statements and holdings in this regard. Therefore, and for the same reasoning and caselaw precedent discussed *supra*, the Court does not find that Plaintiff has shown sufficiently good cause for an extension of time in which to file a notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a).

However, the Court notes that the deadline by which Plaintiff must file any such notice of appeal *has not yet expired, and will not expire until the end of Thursday, May 1, 2014*.  Thus if Plaintiff wishes to file a notice of appeal the case at bar, he must do so on or before Thursday, May 1, 2014.

Accordingly, Plaintiff's Motion for Extension of Time [Doc. 29] is DENIED.

It is SO ORDERED.

Dated: New Haven, Connecticut
April 22, 2012

*/s/ Charles S. Haight, Jr.*
Charles S. Haight, Jr.
Senior United States District Judge